### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>BUTCH JOHNSON<br>dba Alcon Action Agency Realty,<br><br>　　　　　　　Debtor. | Case No. 13-01294-dd<br>Chapter 11 |

**ORDER DISMISSING CASE WITH PREJUDICE AND GRANTING *IN REM* RELIEF**

　　　　This proceeding comes before the Court on the amended motion (the UST Motion) of the United States Trustee (UST) for an order dismissing this case with prejudice for the period of two years for bad faith filing and seeking *in rem* relief as to the property known as 312 Oak Brook Drive, Columbia, South Carolina 29223 (the Property). The debtor filed an objection to the UST Motion, and a contested hearing on the UST Motion was held on April 16, 2013. After careful consideration of the evidence admitted at the hearing, the Court issues the following findings of fact and conclusions of law with respect to the UST's request that the case be dismissed with prejudice and for *in rem* relief:

### **FINDINGS OF FACT**

　　　　Butch Johnson (the debtor) is not new to the bankruptcy system. In fact, this is his fifth bankruptcy filing since 2007. In each of his prior bankruptcy filings, with the exception of the first, the debtor has represented himself *pro se*. The debtor claims to reside at 2685 Mt. Olive Road in Loris, South Carolina but also claims the Property as his secondary residence where he spends half of his time.

On or about March 15, 2006, Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc. (the Mortgagee), commenced a foreclosure proceeding against the Property (the Foreclosure Proceeding) in the County of Richland, South Carolina. The Foreclosure Proceeding is captioned *Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R4 under the Pooling and Servicing Agreement dated as of May 1, 2004, Without Recourse v. Butch Johnson also sometimes f/k/a Butch Johnson Richard; South Carolina Federal Credit Union*, C/A. No. 2006-CP-40-1480.

A Master in Equity's Judgment of Foreclosure and Sale was entered on August 11, 2006. The foreclosure sale of the Property was set for September 5, 2006, but, at the request of the Mortgagee, the sale was postponed until October 2, 2006 and subsequently postponed again due to a forbearance agreement. The First Supplemental Master in Equity's Judgment of Foreclosure and Sale was entered on or about February 7, 2007.

On or about March 27, 2007, the title to the Property was transferred to Alcon Action Agency II, LLC, a company in which the debtor had an interest. The company was administratively dissolved by the South Carolina Secretary of State in 2009. Thereafter, the Property's scheduled foreclosure sale was cancelled due to another forbearance plan. The Second Supplemental Master in Equity's Judgment of Foreclosure and Sale was entered on or about July 11, 2007 and a judicial sale was scheduled for August 6, 2007 but was subsequently cancelled because the debtor filed for bankruptcy.

On August 2, 2007 – four days prior to the scheduled foreclosure sale –  the debtor filed for Chapter 13 bankruptcy relief (Case No. 07-04085-jw) (the First Bankruptcy Case). The First

2

Bankruptcy Case was dismissed on October 23, 2007 because the debtor's Chapter 13 plan did not comply with the requirements of the Bankruptcy Code (the CIIIA order). The Third Supplemental Master in Equity's Judgment of Foreclosure and Sale was entered on or about December 10, 2007 with a sale date scheduled for January 7, 2008. On January 3, 2008 – four days before the scheduled foreclosure sale on the Property – the debtor filed his second bankruptcy case under Chapter 13 of the Bankruptcy Code (the Second Bankruptcy Case) (Case No. 08-00038-dd).

As with the First Bankruptcy Case, the Second Bankruptcy Case was dismissed soon after it was filed. On January 24, 2008, the Chapter 13 trustee filed a request for dismissal of the case with prejudice due to the debtor's failure to file schedules. The debtor consented to a dismissal of the Second Bankruptcy Case with prejudice for 180 days with a bar from re-filing under any chapter of the Bankruptcy Code in any jurisdiction, and the Court entered an order to that effect on February 29, 2008.

The debtor filed a third Chapter 13 bankruptcy case on February 27, 2009 (the Third Bankruptcy Case) (Case No. 09-01455-jw). In the Third Bankruptcy Case, the debtor made two requests for an extension of the deadlines to file schedules. The Chapter 13 trustee objected to the second request for an extension and, on April 16, 2009, the Court entered an order dismissing the case with prejudice for a period of one year with respect to re-filing under Chapters 11, 12, and 13 because of the failure to file the required documents.

After the dismissal of the Third Bankruptcy Case, further attempts to schedule a judicial sale were postponed due to the lender's consideration on behalf of the debtor of relief available under the Federal HAMP Program and consideration of a forbearance plan. On September 7,

3

2012, the Fourth Supplemental Master in Equity's Judgment of Foreclosure and Sale was entered in the Foreclosure Proceeding. On October 1, 2012, the debtor filed his fourth Chapter 13 bankruptcy case (Case No. 12-06116-dd) (Fourth Bankruptcy Case). On November 21, 2012, the Chapter 13 trustee filed a motion to dismiss the case with prejudice for bad faith. On December 21, 2012, the Court entered an order dismissing the case with prejudice for two years as to a re-filing under Chapter 13.

Less than three months after the dismissal of the Fourth Bankruptcy Case, on March 4, 2013, the debtor filed the present case seeking relief under Chapter 11 of the Bankruptcy Code. Along with the petition, the Debtor also filed an unverified copy of Schedules D, E, and F as well as his Statement of Compliance with Credit Counseling Requirement. On March 4, 2013, the Court entered a Notice of Filings Due indicating the various deficiencies in the case that had to be cured by March 18, 2013. On March 18, 2013, the day the complete set of schedules and statement of financial affairs were due, the debtor filed a motion with the Court requesting an extension (the Extension Motion).

On March 19, 2013, the UST filed an objection to the Extension Motion requesting that the Court deny the request and dismiss the case with prejudice for one year under Local Rule 1017-2 with a bar to re-filing with respect to any Chapter of the Bankruptcy Code and in any jurisdiction. On March 20, 2013, the Court entered an order extending the time to file schedules and statements until March 26, 2013 (the Extension Order). The Extension Order further provided that "[f]ailure to file these documents by the extension deadline, as indicated by the Clerk of Court will result in the dismissal of this case. If this case is dismissed the Court will retain jurisdiction of the case to consider the United States Trustee's request that any dismissal

4

be with prejudice to certain refilings." The debtor never filed complete schedules or a statement of financial affairs by the extended deadline.

The initial meeting of creditors was held on April 1, 2003. At that meeting, the debtor testified that he filed the present case and the four prior cases to prevent the foreclosure sale of the Property. He further testified that he "desperately" wanted to save his home, and that if the present case were dismissed, he may seek injunctive relief in the federal district court to prevent the foreclosure sale of the Property. The debtor further testified at the meeting of creditors that he had not made a mortgage payment for the Property since 2007 and that through a combination of bankruptcy filings and attempts to work out alternative payment arrangements with the residential mortgagee or its assignee, he had prevented the foreclosure sale of the Property for approximately seven years. The debtor further testified at the meeting of creditors that he presently has no regular source of income to fund his ordinary living expenses and that he presently relies upon the generosity of family and friends for basic support and to pay his living expenses. The debtor also testified that he has no regular or reliable funding source to fund plan payments, retain counsel, or to meet his regular living expenses. At the hearing on the motion to dismiss Debtor expressed the hope that improvement in the real estate market, where he previously earned his living, will lead to substantial income in the near future, though he offered no indication of any specific upcoming opportunity.

## **CONCLUSIONS OF LAW**

Cause exists to dismiss the present case pursuant to 11 U.S.C. § 1112(b)(1) and (4) (E) (F)(K), Local Bankruptcy Rule 1017-2, the failure of Debtor to pay a required installment toward the filing fee for the case as ordered by the Court, and due to the evidence supporting the

debtor's bad faith in filing the case. First, the debtor failed to file a complete set of schedules and statements of financial affairs, despite having been granted an extension until March 26, 2012 to do so. Second, Debtor, although given an opportunity to pay the filing fee for this case in installments, has failed to comply with the order on paying the filing fee in installments. Third, the debtor's case lacks good faith.

"The Fourth Circuit has set forth a two-prong test for courts to use in determining whether to dismiss a debtor's case for lack of good faith. This test requires a showing of both objective futility and subjective bad faith. *Carolin Corp. v. Miller (In re Carolin Corp.)*, 886 F.2d 693, 700–01 (4th Cir. 1989). Both prongs of the test must be proven for dismissal to be warranted. *Id.* Courts must "exercise great care and caution prior to entering an order of dismissal for bad faith." *Dorn*, 2010 WL 5437238, at *2 (citing *Carolin Corp. v. Miller (In re Carolin Corp.)*, 886 F.2d 693, 700 (4th Cir. 1989))." *In re Mt. Zion Holiness Church*, C/A No. 11-03630-DD, at *3 (Bankr. D.S.C. Sept. 14, 2011).

"The purpose of the subjective bad faith inquiry is to ensure that the debtor is attempting to use the Bankruptcy Code to reorganize, rehabilitate, or preserve an existing or ongoing business rather than to simply delay collection efforts by creditors." *Carolin Corp.*, 886 F.2d at 702." *Mt. Zion Holiness Church*, *supra*, at *3. The objective futility portion of the *Carolin* test centers around whether a realistic possibility of reorganization exists. *Id.,* at *5.

The particular circumstances here support the dismissal of this case under 11 U.S.C. §1112(b) on the ground of bad faith under the *Carolin* two-prong standard. As the evidence presented at the hearing reflects, the debtor filed the present case to do nothing more than postpone the foreclosure sale of the Property – for the fifth time. He has no realistic chances of

6

reorganizing as he has no regular or significant source of income from which to fund a plan or to pay for normal living expenses.

The facts of this case also support the granting of *in rem* relief regarding the Property in order to prevent the debtor (or any party to whom the debtor may assign or transfer the Property) from again seeking bankruptcy relief within a specified period.  With the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the BAPCPA) Congress added, *inter alia*, a new subsection to 11 U.S.C. § 362(d) that specifically permitted secured creditors holding mortgages on real property to obtain *in rem* relief from the automatic stay under certain circumstances.  *See* 11 U.S.C. § 362(d)(4).  Under the BAPCPA, *in rem* relief would be available to a mortgagee if the bankruptcy filing was part of a scheme to hinder or defraud creditors, which involved either multiple bankruptcy filings or transfer of the property in question without the court's approval or the mortgagee's consent.  *Id.*; *see also* HOWARD J. STEINBERG, BANKRUPTCY LITIGATION § 12:72 (2008).

Even though the *in rem* relief provided by § 362(d)(4) is only available to a creditor whose claim is secured by an interest in real property, Congress has not thereby limited the ability of other parties to seek *in rem* relief from abusive or repeat filings under § 105(a).  *See In re Henderson*, 395 B.R. 893, 901-04 (Bankr. D.S.C. 2008) ("The authority of the Court to grant *in* rem relief stems from its broad powers under 11 U.S.C. § 105(a) to issue orders necessary to carry out provisions of the Bankruptcy Code and prevent abuse of process."); *In re McCray*, 342 B.R. 668, 670 (Bankr. D.D.C. 2006) (holding that § 362(d)(4) does not prevent the Court from using § 105(a) to "prevent the harm from abusive filings" and that BAPCPA "evidence[s] a congressional intent that the courts crack down on abusive filings by debtors."); *see also* H.R.

7

REP. NO. 109-31(I), at 1 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 89 (noting in the "Purpose and Summary" section that the BAPCPA, through its provisions, seeks to "deter serial and abusive bankruptcy filings."). Furthermore, in cases involving multiple filings, courts have permitted parties to obtain *in rem* relief based on circumstances not listed in § 362(d)(4), including, *inter alia*, filing in bad faith, or lack of changed circumstances between filings. *In re Henderson*, 395 B.R. 893, 901-04 (Bankr. D.S.C. 2008) (granting *in rem* relief because the debtor's bankruptcy case was "objectively futile" and "filed in bad faith"); *see also McCray*, 342 B.R. at 670.

In this case, *in rem* relief is warranted. First, this is the debtor's fifth bankruptcy case and, as the evidence presented at the hearing reflects, the repeat filings were an attempt to stop the Foreclosure Proceeding on the Property. In each of the bankruptcy cases the debtor has filed, he has failed to demonstrate the intent or ability to reorganize his financial situation or to properly prosecute the case. Rather, he has been unwilling to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules. With the exception of the first chapter 13 case he filed, which was dismissed without prejudice, all other prior cases were dismissed with prejudice for some period of time and as a result of the debtor's failure to provide documents or comply with the Bankruptcy Code or Bankruptcy Rules.

IT IS HEREBY ORDERED THAT

This case should be, and hereby is, dismissed pursuant to 11 U.S.C. §1112(b)(1) and (b)(4)(E)(F)(K), Local Bankruptcy Rule 1017-2, and due to the evidence supporting the debtor's bad faith in filing the case. Moreover, this case should be, and hereby is, dismissed with

prejudice, and the debtor is barred from filing for relief under any chapter of the Bankruptcy Code in any district for two years from the entry of this Order.

The Court grants *in rem* relief as to the Property known as 312 Oak Brook Drive, Columbia, South Carolina 29223. The filing of a bankruptcy case by any individual or entity involving this property shall not invoke the protection of the automatic stay for a period of two years from the entry of this order, absent a further order of this Court. The UST is also authorized, to the extent she chooses, to file a copy of this order in the public records relating to real property in the county where the Property is located.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/18/2013**



Entered: 04/19/2013

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina